# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 18-30923
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ABOUDOU WAKA, also known as Aboudou Bassiti Waka,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:17-CR-203-1

————

Before DAVIS, HAYNES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Aboudou Waka, a citizen of Togo, appeals his jury convictions for two counts of failure to depart the United States in violation of 8 U.S.C. § 1253(a)(1)(C). He challenges the sufficiency of the evidence underlying his convictions. Although Waka has completed his term of imprisonment, his appeal nonetheless presents a live case or controversy in light of the potential

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adverse consequences of the instant convictions.  *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Sibron v. New York*, 392 U.S. 40, 55 (1968).

Because Waka preserved his challenge to the sufficiency of the evidence, we review de novo.  *See United States v. Ferguson*, 211 F.3d 878, 882 (5th Cir. 2000).  "We review the jury's verdict with great deference, and view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find guilt beyond a reasonable doubt." *United States v. Churchwell*, 807 F.3d 107, 114 (5th Cir. 2015).  "[T]he jury is free to choose among reasonable constructions of the evidence." *United States v. Lankford*, 196 F.3d 563, 575 (5th Cir. 1999) (internal quotation marks and citation omitted).

To show a violation of § 1253(a)(1)(C), the Government had to prove beyond a reasonable doubt that there was a final order of removal pending against Waka; that Waka was an alien subject to deportation as defined by 8 U.S.C. § 1227(a); and that Waka connived, conspired, or took any other action designed to prevent or hamper, or with the purpose of preventing or hampering, his departure.  § 1253(a)(1)(C).

Waka argues that the commercial airline pilots were responsible for his non-removals because they did not allow him to board the plane.  However, the trial evidence showed that Waka unequivocally declared to the deportation officers on both occasions that he would not return to Togo.  During the first attempt, Waka physically resisted the officers and had to be dragged toward the plane.  During the second attempt, Waka physically resisted the deportation officers' efforts to get him on the plane by falling to the ground and grabbing an officer's leg to prevent his entrance onto the plane.  In addition, Waka yelled continually on both occasions that he could not return to Togo.

Waka's actions were so disruptive that he was not permitted to board the plane.

In light of these facts, the jury's conclusion that Waka hampered or prevented his removal to Togo on two occasions was a reasonable interpretation of the evidence. *See Lankford*, 196 F.3d at 575. We will not disturb those findings on appeal. *See id.*

AFFIRMED.